The UNITED STATES of America ex rel. LING SHING

v.

P. A. ESPERDY, District Director Immigration and Naturalization Service.

No. 69 Civ. 3760.

United States District Court
S. D. New York.

Oct. 8, 1969.

Robert M. Morgenthau, U. S. Atty., New York City, for respondent; Daniel Riesel, Special Asst., of counsel.

Thomas Sung, New York City, for relator.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

· This is a petition for writ of habeas corpus brought by the relator, Ling Shing, a native and a citizen of China, who last entered the United States on or about January 24, 1963 as a seaman. The facts are undisputed and may be briefly stated.

The alien was authorized to remain as a non-immigrant crewman for a period not to exceed twenty-nine days, but he deserted his vessel and has remained in this country ever since. At the original deportation proceedings, held in October, 1963, the alien conceded his deportability but sought the privilege of voluntary de-

parture under 8 U.S.C. § 1254(e). The alien, however, refused to state that he would depart within the prescribed period and the Special Inquiry Officer therefore refused to extend the voluntary departure privilege and ordered his deportation to Formosa. An additional 10 days was given to the alien during which to communicate his willingness to depart within the authorized period of time. The alien never availed himself of this opportunity. The alien's appeal to the Board of Immigration Appeals was dismissed on November 20, 1963.

Due to the Attorney General's moratorium on deportations to the Far East, the time needed to have Hong Kong designated as the place to which the alien would be deported, and the stay of proceedings during the introduction of a private bill for relief in the United States Senate, he was not notified that steps were being taken to deport him until July 28, 1969. On August 18, 1969, the District Director notified the alien to surrender for imminent deportation to Hong Kong on August 26, 1969.

On August 25, 1969 the alien moved before the Board of Immigration Appeals to reopen the original deportation proceedings and grant him the privilege of voluntary departure. Petitioner stated that he had purchased an airplane ticket to Hong Kong and unequivocally expressed his intention to leave immediately if he were accorded the privilege. On August 28, 1969 an order to show cause was obtained bringing on the present petition for habeas corpus and granting a stay of his deportation until further order of the Court. The alien's petition for habeas corpus was based on the theory that his deportation was not imminent and his detention by the District Director was therefore unlawful. This, in turn, was based on the assumption that it would take three to four weeks to present his motion to reopen to the Board of Immigration Appeals. However, on September 5, 1969 the Board of Immigration Appeals denied petitioner's motion to reopen, thus undercutting petitioner's

contention here that his deportation is not imminent.

The alien now seeks to have this Court, pursuant to 8 U.S.C. § 1105a(a) (9), review the order of the Board of Immigration Appeals denying the alien's motion to reopen.

The standard to be applied by this Court in reviewing a discretionary ruling of the Board of Immigration Appeals such as this is whether "it [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group, or * * * on 'other considerations that Congress could not have intended to make relevant.' " Wong Wing Hang v. Immigration and Naturalization Serv., 360 F.2d 715 (2d Cir. 1966).

In denying petitioner's motion to reopen, the Board of Immigration Appeals stated:

"A review of the record establishes that the respondent has been denied the privilege of voluntary departure because he was not willing or ready to depart when required. Apparently he seeks to depart voluntarily only when the conditions are favorable for his return as an immigrant. * * *

"We are of the opinion that absent any equities such as a close relative residing in the United States, effective enforcement of the Immigration laws requires the denial of voluntary departure where there are circumstances such as those present in this case. * * * * "

Petitioner contends that the Board abused its discretion because since the original deportation hearing he has become a skilled chef for which there is a need in this country, he is immediately eligible for an immigrant visa to the United States, he has resided in the United States for almost seven years and will be eligible for suspension of deportation in approximately four months and, finally, he is now immediately able and willing to depart for Hong Kong without expense to the Government.

Plainly, the consideration of these factors was particularly within the province of the Board of Immigration Appeals. Its failure to rule favorably on petitioner's motion was based on its view that effective enforcement of the immigration laws requires that a deportable alien be extended the privilege of voluntary departure, in most cases, only once. This long standing policy seems quite sound and reasonable. In any case, it cannot be said to be "without a rational explanation" or "to have inexplicably departed from established policies". Therefore, there is no basis for overturning the ruling of the Board.

Accordingly, relator's petition for habeas corpus is in all respects denied.

It is so ordered.